VÁZQUEZ, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 432.—Decided November 17, 1919.

RECORD OF TITLE—DOMINION TITLE—HEARING OF DISTRICT ATTORNEY—REVIEW BY REGISTRAR.—The registrar refused to record a decree of the district court ordering the record of a dominion title to a certain property, "because it does not appear from the decree that the district attorney was heard in compliance with subdivision 3 of article 395 of the Morgtage Law." On appeal from that decision it was Held: That such failure to hear the district attorney is not a substantial defect..which voids the proceeding ·or justifies the action of the registrar whose authority to review the decree should be limited to considering whether the judge had jurisdiction .to make it; whether it was made in a proper proceeding; whether the parties required to be summoned were summoned, and whether the decree contains all the data that should appear in the record. Furthermore, as the district attorney did not complain of not having been heard or appeal for the purpose of correcting such error, the said defect was cured.

ID.—ID.—AREA OF PROPERTY—CIVIL STATUS.—It is a curable defect not to set out in a dominion title decree the area of the property according to the metric system; also the failure to state the civil status of the petitioner at the time he acquired the property.

The facts are stated in the opinion.
Mr. Andrés Mena for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Juan Claudio Vázquez, a married man, brought dominion title proceedings in the District Court of Humacao for the ownership of a property of 24 acres of land, which he valued at $300, situated in the ward of Quemados of the municipality of San Lorenzo.

The judge approved the proceedings by an order of January 18, 1915, and ordered that the ownership of the property be recorded in the Registry of Property of Caguas in the name of Juan Claudio Vázquez.

A certified copy of that order was presented in the Registry of Property of Caguas and the registrar refused to record it "because it does not appear from the order that the district attorney was heard in compliance with subdivisian 3 of article 395 of the Mortgage Law," and entered a cautionary notice in the name of the petitioner with the curable defects that the equivalent of the area of the property in the metric system and the civil status of Juan Claudio Vázquez when he acquired the property were not stated.

The decision of the registrar was dated August 1, 1919, and is submitted to the consideration of this court on appeal.

It is true that article 395 of the Mortgage Law, in enumerating the formalities that should be complied with for establishing the ownership of real property, provides in subdivision 3 that on the claims and evidence which may have been presented the judge will hear, in writing, the representative of the Department of Justice and the other persons who may have been summoned in the proceedings, and in subdivision 6 that the proceedings shall be oral when the value of the real property does not exceed one thousand *pesos.* In the present case the value of the real property is $300; therefore the pleadings need not have been in writing.

The failure to hear orally the district attorney, which is the ground of the decision appealed from, is not a material

defect which voids the proceedings or justifies the action of the registrar, whose province in reviewing the order approving the dominion title should be limited to considering whether the judge acted with jurisdiction, whether the order was entered in a proper proceeding, whether the lawful parties to the proceedings were summoned and whether the order contained all the data that should appear in the record. None of these defects have been pointed out by the registrar.

The district attorney was summoned in the proceedings, as appears from the order of January 18, 1915, and has not complained of not having been heard, nor did he appeal on the ground that that requirement was not complied with, as he could have done under subdivision 4 of article 395 above cited; therefore that error disappears.

Article 440 of the Regulations for the Execution of the Mortgage Law provides that records to be made for the purpose of establishing ownership or possession which may have been proved by the means set forth in articles 390 et seq. of the law, shall conform to the rules contained in the Law and the Regulations for records in general, and shall in addition state the special details which each case may demand, as shown in the documents presented to the registrar for the record. The rules prescribed by the Mortgage Law and its Regulations for records in general are contained in article 9 of the said law and article 63 of the Regulations, and as regards records of ownership and possession, article 35 of the Regulations establishes the special rule that the immediate origin and the actual state of the possession of the property recorded shall always be set forth in such records.

The dominion title judgment referred to in this appeal contains all the necessary elements for recording the title and, as we have already said, contains no material defect rendering it null and void. The said judgment recites the character, situation and boundaries of the property sought to be recorded and its area according to the custom of the

country, lacking only its equivalent in the metric system. It recites the nature of the title and its date, including not only the proceeding followed for obtaining it, which is that authorized by article 395 of the Mortgage Law, but also the result of the evidence examined before the court, the full name of the person in whose favor the record is to be made, the status, age and residence of that person, the full names of the former owners of the property, the summoning of the district attorney and other persons required by law to be summoned, and the name and district of the court which approved the title. *Ramos* v. *Registrar of Property*, 16 P. R. R. 57.

There is nothing to prevent the record.

The curable defects assigned by the registrar are present, for the area of the property was not stated in the metric system, but this can be easily done; nor is it shown what was the civil status of Juan Claudio Vázquez when he acquired the property involved, although it appears that he was married when he instituted the proceedings. He might have been married at that time and yet have been unmarried or a widower when he acquired the property.

The decision appealed from is reversed and it is ordered that the record be made with the curable defects above pointed out.

*Reversed.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.